# PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 Avenue of the Americas
New York, NY 10019-6064
+1 212 373 3000

**Jessica S. Carey**
**Direct Dial:** +1 212 373 3566
**Email:** jcarey@paulweiss.com

Brussels
Hong Kong
London
Los Angeles
San Francisco
Tokyo
Toronto
Washington, D.C.
Wilmington

July 31, 2025

<u>Via CM/ECF</u>

Hon. P. Kevin Castel
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Ansari et al.* v. *Joe & The Juice New York LLC et al.*, Case No. 1:25-cv-04643-PKC

Dear Judge Castel:

  Defendants, Joe & The Juice New York LLC and Joe & The Juice US Holdings, Inc. (collectively, "Joe & the Juice" or Defendants), respectfully submit this letter pursuant to Your Honor's Individual Practices at 3(A) to set forth the legal and factual basis for our anticipated motion to dismiss Plaintiffs' Complaint ("Compl."). An initial pretrial status conference is currently scheduled for September 2, 2025. Defendants propose that they file the motion by September 10, 2025, Plaintiffs respond by October 8, 2025, and Defendants reply by October 24, 2025, or, alternatively, that parties follow a mutually agreed-upon briefing schedule.

  Plaintiffs are six individuals who claim to have purchased juice products that Defendants allegedly advertised as containing olive oil but that instead contained a mixture of "95% canola oil and only 5% olive oil." Compl. ¶¶ 6, 10. On behalf of themselves and a putative nationwide class, these six individuals allege that Joe & the Juice misled their customers, and in so doing, breached the implied warranty of merchantability laws of nine states (Count I); violated two of New York's consumer protection laws (Counts II–III); and was unjustly enriched (Count IV). Yet no matter Plaintiffs' evocative claims of "olive oil fraud," *id.* ¶ 11, the Complaint is wholly deficient for its failure to grasp basic pleading requirements and aver sufficient factual material to substantiate any one of their four claims. For the reasons set forth below, we respectfully submit that full briefing would demonstrate that all counts in the Complaint should be dismissed.

  **I. Count I Should be Dismissed Because Plaintiffs Do Not and Cannot Plausibly Allege that Defendants' Products Were Unfit for Human Consumption**

  In Count I, Plaintiffs allege, on behalf of themselves and a putative nationwide class, that Joe & the Juice breached the implied warranty of merchantability of nine states—California, Washington D.C., Florida, Illinois, Maryland, Minnesota, New York, Pennsylvania, and

Washington—"because the Products contained canola oil" in addition to olive oil when "[t]he Products [were] not expected to contain canola oil."[1]  Compl. ¶¶ 77–84.  Plaintiffs pleaded non-existent statutory citations—13 Pa. Re. Stat. §72-3140 and Wash. Rev. Code Ann. § 6A.2-314—when alleging that Defendants breached the implied warranty laws of Pennsylvania and Washington.  Compl. ¶ 83.  The claims with respect to these two states should be dismissed for this reason alone, *Donelli* v. *Cnty. of Sullivan*, No. 07CIV2157JGK, 2009 WL 2365551, at *10 (S.D.N.Y. July 31, 2009) ("There is no such statute and therefore the plaintiffs cannot state a claim under such statute."), but even if Plaintiffs were to cure this deficiency, their claims would still fail for reasons further explained below.

Plaintiffs' implied warranty of merchantability claim must be dismissed because the Complaint fails to—and could not plausibly—allege that any alleged use of the alleged canola/olive oil blend rendered Defendants' products unfit for human consumption, as required under the laws of the nine states alleged in this Count.  Compl. ¶ 83.

Under New York law, "[w]here the sale of a food or beverage is concerned, courts have ruled that the product need only be *fit for human consumption to be of merchantable quality*."  *Yu* v. *Dreyer's Grand Ice Cream, Inc.*, 592 F. Supp. 3d 146, 163 (S.D.N.Y. 2022) (quoting *Campbell* v. *Whole Foods Mkt. Grp., Inc.*, 516 F. Supp. 3d 370, 392 n. 14 (S.D.N.Y. 2021)) (emphasis added); *see also Barreto* v. *Westbrae Nat., Inc.,* 518 F. Supp. 3d 795, 807 (S.D.N.Y. 2021) (Castel, J.) ("There are no allegations that the soymilk beverage was unfit for the ordinary purpose of such goods, namely, human consumption.").

Similarly, under California law, "[t]he implied warranty of merchantability does not impose a general requirement that goods precisely fulfill the expectation of the buyer.  Instead, it provides for a *minimum* level of quality . . . . [F]or an implied warranty claim to survive a motion to dismiss, the plaintiff must plausibly allege that the product at issue has manifested a problem *so serious that it lacks 'even the most basic degree of fitness for ordinary use*.'"  *Smith* v. *Intel Corp.*, 745 F. Supp. 3d 853, 867 (N.D. Cal. 2024) (citing *Birdsong* v. *Apple, Inc.*, 590 F.3d 955, 958 (9th Cir. 2009) (emphasis added)).  "In cases involving human food, a party can plead that a product violates the implied warranty of merchantability through allegations that the product was unsafe for consumption, contaminated, or contained foreign objects."  *Boyd* v. *SunButter, LLC*, 762 F. Supp. 3d 931, 948–49 (C.D. Cal. 2025), *adopted*, No. CV 24-7873-GW-BFMX, 2025 WL 84700 (C.D. Cal. Jan. 13, 2025) (citing, *inter alia*, *Silva* v. *Smucker Nat. Foods, Inc.*, No. 14-cv-6154-JG-RML, 2015 WL 5360022, at *11 (E.D.N.Y. Sept. 14, 2015) ("Where the sale of a food or beverage is concerned, courts have ruled that the product [must be] fit for human consumption to be of merchantable quality.")).

---

[1]  It is unclear from the Complaint whether Plaintiffs are pursuing this case because they were aggrieved that Joe & the Juice allegedly advertised in the menu that certain products contained olive oil when they in fact contained a mixture of olive oil and canola oil, or if they were simply unhappy that the products contained canola oil.  In either event, their Complaint fails to state a breach of implied warranty claim because the addition of canola oil does not render the products "unfit for human consumption."  Nor does the Complaint state any claims under NY GBL §§ 349 & 350 or unjust enrichment law, as further explained below.

The laws of the other seven jurisdictions likewise preclude implied warranty claims for food where the product is "fit for human consumption":

- In Washington D.C., "the implied warranty of merchantability applied to the sale of food in the District, requiring packaged and restaurant food to be 'wholesome and fit for human consumption, and contain[ ] no foreign or deleterious substance.'" *Hoyte* v. *Yum! Brands, Inc.*, 489 F. Supp. 2d 24, 27 (D.D.C. 2007) (citing *Hochberg* v. *O'Donnell's Rest., Inc.*, 272 A.2d 846, 849 (D.C. App. 1971)); *see also Cormier* v. *DC Wasa*, No. 2003CA001254B, 2011 WL 4543680 (D.C. Super. Sep. 30, 2011) (finding that water sold for consumption did not breach the implied warranty of merchantability when it was "safe for drinking, cooking, and bathing").

- Florida also recognizes an implied warranty for food products that the food must be wholesome and fit for human consumption. *See Wagner* v. *Mars, Inc.*, 166 So. 2d 673, 673 (Fla. Dist. Ct. App. 1964); *Parker* v. *Wal-Mart Stores, Inc.*, 367 F. Supp. 3d 979, 985 (E.D. Mo. 2019) (dismissing claims brought under implied warranty law of Florida because plaintiff failed "to allege that Defendant's glucosamine supplements are unfit for human consumption").

- Illinois "has construed the implied warranty" as requiring that the food product be "wholesome and fit for consumption." *Huebner* v. *Hunter Packing Co.*, 375 N.E.2d 873, 876 (Ill. App. 5th Dist. 1978); *see also Akers* v. *Costco Wholesale Corp.*, 631 F. Supp. 3d 625, 635 (S.D. Ill. 2022) (finding that plaintiff failed to state an implied warranty claim under Illinois law because the flavored sparkling water was not rendered unfit for consumption by containing less fruit ingredient than allegedly implied by the product's label).

- As a threshold matter, "Maryland law does not support implied warranty claims against food-service establishments" that "serv[e] food to be immediately consumed on the premise." *McGinn* v. *Broadmead, Inc.*, 759 F. Supp. 3d 649, 672 (D. Md. 2024) (quoting *Child's Dining Hall Co.* v. *Swingler*, 173 Md. 490, 503, 197 A. 105 (Md. Ct. App. 1938)).  For other food sellers who are subject to an implied warranty, they are required to provide products that are of "merchantable quality and reasonably fit for human consumption." *Vaccarino* v. *Cozzubo*, 181 Md. 614, 620, 31 A.2d 316, 319 (Md. Ct. App. 1943).

- In Minnesota, food products "must be fit for human consumption to be merchantable." *Willmar Cookie Co.* v. *Pippin Pecan Co.*, 357 N.W.2d 111, 114 (Minn. Ct. App. 1984).  And so long as a product is "fit for human consumption," Minnesota courts have ruled that a breach of warranty cannot be demonstrated. *Dingxi Longhai Dairy, Ltd.* v. *Becwood Tech. Grp., L.L.C.*, 718 F. Supp. 2d 1019, 1025 (D. Minn. 2010).

- In Pennsylvania,[2] for a "food products case, plaintiff must show that the food was unfit for human consumption" to make out a claim for a breach of implied warranty. *Peters* v. *Randco, Inc.*, 27 Pa. D. & C.4th 393, 397 (C.P. Erie 1994) (citing *Orlando* v. *Herco Inc.*, 351 Pa. Super. 144, 147 (Pa. Super. 1986)).

- In Washington,[3] a plaintiff can only make out an implied warranty of merchantability claim for food where they show that the product was not fit for consumption. *Ulmer* v. *Ford Motor Co.*, 452 P.2d 729, 731 (Wash. 1969) (citing *Pulley* v. *Pacific Coca-Cola Bottling Co.*, 415 P.2d 636 (Wash. 1966)).

Plaintiffs nowhere allege in the Complaint that the juice products that contain the alleged canola/olive oil blend are unfit for human consumption. That is no surprise: it is common knowledge that canola oil is a widely used ingredient for cooking, and Plaintiffs cannot plausibly allege that adding canola oil (as opposed to only olive oil) to juice would render it unfit for human consumption. All that Plaintiffs allege is that the canola/olive oil blend Joe & the Juice allegedly used was less nutritious and healthful than pure olive oil. *See, e.g.*, Compl. ¶¶ 8–9. These allegations, even assumed as true, are irrelevant to and insufficient for a breach of implied warranty claim. *See Yu*, 592 F. Supp. 3d at 163 (rejecting plaintiff's contention that chocolate-coated ice cream bars were "unfit to be consumed" because the vegetable oils used were "linked to numerous health problems," and holding that such allegations were "conclusory and irrelevant, since whether a food is healthful or nutritious is not the standard" for implied warranty of merchantability). Therefore, Plaintiffs' breach of implied warranty claims should be dismissed.

## II. Plaintiffs' Claims Under NY GBL §§ 349 & 350 (Counts II & III) Should be Dismissed

### A. Plaintiffs and putative class members who did not purchase juice products in New York cannot recover under NY GBL §§ 349 & 350 for purchases made outside of New York.

While all six Plaintiffs assert claims against Joe & the Juice under NY GBL §§ 349 & 350, the five Plaintiffs who did not purchase juice products from New York cannot recover under New York consumer protection law. *See* Compl. ¶¶ 19–21, 23–24. Under NY GBL §§ 349 & 350, "the transaction in which the consumer is deceived must occur in New York." *Goshen* v. *Mut. Life Ins. Co. of New York*, 774 N.E.2d 1190, 1195 (N.Y. 2002).

For the same reason, the Court must dismiss the NY GBL §§ 349 & 350 claims with respect to the nationwide class, as putative class members who purchased from Joe & the Juice outside of New York are not entitled to recover under the New York statutes. *See Kassman* v.

---

[2] We analyze this claim under the correct implied warranty of merchantability statute, located at 13 Pa. Rev. Stat. 2314.

[3] We analyze this claim under the correct implied warranty of merchantability statute, Wash. Rev. Code Ann. § 62A.2-314.

*KPMG LLP*, 925 F. Supp. 2d 453, 470 (S.D.N.Y. 2013) (striking class claims brought under New York state statutes with respect to putative out-of-state class members at the pleading stage).

### B. The New York Plaintiff fails to allege her individual claims under NY GBL §§ 349 & 350 with any factual specificity.

The one plaintiff who allegedly purchased from Joe & the Juice in New York, Plaintiff Anabelle Pulver, fares no better with her claims, which are devoid of any factual details about her alleged purchases of Defendants' products. She makes only a boilerplate, conclusory allegation that she "purchased the Products in New York and Florida multiple times during the Class Period. Prior to purchasing the Products, [she] read the Products' ingredients lists"—a formulaic allegation that is exactly the same as those of the other Plaintiffs but for the location. Compl. ¶ 22. Such bare assertions do not afford Defendants "fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 555 (2007). Indeed, Plaintiff Pulver does not even specify what she purchased from Defendants or when, leaving Defendants only to speculate whether she purchased any product that listed olive oil as an ingredient,[4] or whether she purchased any products within the three-year statute of limitations for NY GBL §§ 349 & 350 claims. *Basso* v. *New York Univ.*, No. 16CV7295VMKNF, 2018 WL 2694430, at *2 (S.D.N.Y. June 5, 2018). Courts in New York have dismissed such vaguely pled claims under NY GBL §§ 349 & 350. *See, e.g.*, *Devey* v. *Big Lots, Inc.*, 635 F. Supp. 3d 205, 214 (W.D.N.Y. 2022).

In what appears to be an attempt to make up for the lack of dates for any of the Plaintiffs' purchases,[5] the Complaint broadly asserts that "[a]ny applicable statute of limitations have been tolled by the 'delayed discovery' rule," because "Plaintiffs did not know (and had no way of knowing) that the Products contained canola oil because Defendants kept this information secret." Compl. ¶ 66. This, however, cannot salvage Plaintiff Pulver's claims. First, the accrual of §§ 349 and 350 claims is "not dependent on any date when discovery of the alleged deceptive practice is said to occur," but rather begins "when a plaintiff is injured by the actions alleged to have violated the statute." *Gould* v. *Helen of Troy Ltd.*, No. 16 CIV. 2033 (GBD), 2017 WL 1319810, at *2 (S.D.N.Y. Mar. 30, 2017) (citation omitted). And the injury here is alleged to have occurred when Plaintiff Pulver purchased the Joe & the Juice products that allegedly contained the canola/olive oil blend, not when she allegedly discovered that the products contained the canola/olive oil blend.

Second, to the extent Plaintiff Pulver is seeking to make out a claim for equitable tolling by alleging that Defendants "kept this information secret," Compl. ¶ 66, she fails to state a valid

---

[4]  While Plaintiffs allege that olive oil was listed as an ingredient for "100%" of Defendants' products, Compl. ¶ 40, the menus Plaintiffs include in the Complaint demonstrate that that is not true and that there was at least one product that did not list olive oil as an ingredient (i.e. JOEs Green Mile), Compl. ¶¶ 38–39.

[5]  Defendants do not need to address this pleading deficiency with respect to the other five Plaintiffs because, as discussed earlier, they have no standing to bring NY GBL claims.

basis for equitable tolling.  Defendants' alleged act of keeping the information about using canola oil "secret" and not disclosing it on the menu is exactly "the same deceptive conduct that Plaintiffs allege forms the basis of their § 349 claims."  *Marshall* v. *Hyundai Motor Am.*, 51 F. Supp. 3d 451, 464 (S.D.N.Y. 2014).  Equitable tolling requires something more—the defendant must have committed an "additional" act to conceal the deception that allegedly violated §§ 349 and 350.  *Id.*  Where, as here, an "'alleged concealment consist[s] of nothing but [the] defendants' failure to disclose the wrongs they had committed, . . . the defendants were not estopped from asserting a statute of limitations defense.'"  *Id.* (quoting *Corsello* v. *Verizon New York, Inc.*, 967 N.E.2d 1177, 1184 (N.Y. 2012)).

**III.     Plaintiffs' Unjust Enrichment Claim (Count IV) Must be Dismissed**

Plaintiffs' unjust enrichment claim must be dismissed for at least two reasons.  First, this equitable claim must be dismissed because it "is based on the same allegations as [their] other claims for consumer deception."[6]  *Barreto*, 518 F. Supp. 3d at 808 (dismissing unjust enrichment claim that was duplicative of the other consumer deception claims, including NY GBL §§ 349 & 350 claims).  As Your Honor noted in *Barreto*, "[u]nder New York law unjust enrichment is 'available only in the unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff.'"  *Id.* (quoting *Corsello*, 967 N.E.2d at 1185).  Where, as here, Plaintiffs' "unjust enrichment claim is based on the same allegations as [their] other claims for consumer deception," the unjust enrichment claim must be dismissed as duplicative.  *Id.* at 808–09.

Second, Plaintiffs' claims must be dismissed because "[u]njust enrichment is an equitable claim that is unavailable where an adequate remedy at law exists."  *Fed. Treasury Enter. Sojuzplodoimport* v. *Spirits Int'l N.V.*, 400 F. App'x 611, 613 (2d Cir. 2010).  Here, Plaintiffs seek monetary damages and do not even attempt to plead that they lack an adequate remedy at law.  *See, e.g.*, Compl. ¶ 87.

For all these reasons, as well as others to be presented in our anticipated motion to dismiss, the Complaint should be dismissed in its entirety.

Respectfully,

*/s/ Jessica S. Carey*
Jessica S. Carey

cc:     All counsel of record (via ECF)

---

[6]     The Complaint is silent as to which state's unjust enrichment law Plaintiffs seek to bring the claim under.  As such, Defendants apply the law of the forum state to assess this claim.