August 13, 2025

**Via CM/ECF**
Hon. P. Kevin Castel
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Ansari et al. v. Joe & The Juice New York et al.*, Case No. 1:25-cv-04643-PKC (S.D.N.Y.)

Dear Judge Castel:

Plaintiffs Neda Ansari, Malcom Brooks, Vy Le, Annabelle Pulver, Usra Salim, and Dana Whitten (collectively, "Plaintiffs") submit this letter in response to Defendants Joe & The Juice New York LLC and Joe & the Juice US Holdings, Inc.'s (collectively, "Joe & the Juice" or "Defendants") July 31, 2025 pre-motion letter setting "forth the legal and factual basis for [their] anticipated motion to dismiss Plaintiffs' Complaint." ECF No. 23. Pursuant to 3(A)(iv) of Your Honor's Individual Practices in Civil Cases, Plaintiffs respectfully request leave to amend their Complaint. Specifically, Plaintiffs seek to: (1) replace their claim for breach of implied warranty of merchantability with a claim for breach of express warranty of merchantability and violation of the Magnuson Moss Warranty Act; (2) add additional factual allegations related to Plaintiffs' purchases in the past two years and their April 2025 letters putting Defendants on notice; (3) explicitly plead violations of California, Washinton D.C., Florida, Illinois, Maryland, Minnesota, Pennsylvania, and Washington consumer protection statutes in the alternative to their New York General Business Law ("GBL") §§ 349 & 350 claims; and (4) clarify that their unjust enrichment cause of action is pleaded in the alternative. Given the extent of these anticipated amendments, Plaintiffs respectfully request the Court's permission to submit an amended complaint by September 13, 2025

On June 4, 2025, Plaintiffs filed their Class Action Complaint ("Compl."), alleging, in pertinent part, that Defendants knowingly and intentionally engaged in a "false, deceptive, and misleading" campaign about the ingredients of their Juice and Signature Juice products (collectively "Juices").[1] Compl. at ¶ 13. While Defendants represented that the Juices contained "olive oil," in reality, they included a "harmful, highly-processed canola oil" concoction. Compl. at ¶ 5. Defendants hid their use of canola oil to "leverage customers' increasing need and desire for healthy living and "save money" while charging a "premium" price—"olive oil is significantly more expensive than canola oil" and has unique "health benefits." Compl. at ¶¶ 8-9, 52, 54. And Plaintiffs "justifiably relied on Defendants misrepresentations and omissions that the Products contained olive oil, and not canola oil, when purchasing the Products;" at bottom, "[h]ad Defendants not made the false,

---

[1] Defendants do not and cannot dispute that "olive oil" is prominently displayed on their "menus—including online, in apps, in-store, and in all advertisements and marketing materials." Rather, Defendants note only that one Juice, "JOEs Green Mile," does not list olive oil as an ingredient. Thus, if permitted to amend, Plaintiffs would make clear that Defendants only intentionally misrepresented the ingredients of 92%, and not "100%" of their Juices. *See* Compl. at ¶¶37-40.

misleading and deceptive representations and omissions, Plaintiffs and Class Members would not have been willing to pay the same amount of the" Juices, or "would not have been willing to purchase the [Juices] at all." Compl. at ¶¶ 15, 64. Plaintiffs therefore seek to recover for the harms caused by Defendants' improper profiteering.

I.      **Replacing the Implied Warranty Claim for Violations of the Express Warranty of Merchantability and Magnuson Moss Warranty Act**

Plaintiffs first cause of action is a breach of the implied warranty of merchantability. Defendants claim that this warranty requires only that "food or beverage" products must be "*fit for human consumption to be of merchantable quality*." Def. Ltr. at 2. (emphasis in original). However, even assuming, *arguendo*, Defendants misrepresented the ingredients of their Juices and therefore breached an express warranty of merchantability in every state at issue.

 "Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise." *Clemmons v. Upfield US Inc.*, 667 F. Supp.3d 5, 19 (S.D.N.Y. 2023) (Castel, J.) (citing *Goldemberg v. Johnson & Johnson Consumer Companies, Inc.*, 8 F.Supp.3d 467, 482 (S.D.N.Y. 2014) (collecting cases)); *see also St. Croix Printing Equip., Inc. v. Rockwell Int'l Corp.*, 428 N.W.2d 877, 879 (Minn. Ct. App. 1988) (embracing U.C.C. § 2-313 (1972)); Cal. Com. Code § 2313(1)(a);13 Pa. Stat. and Cons. Stat. Ann. § 2313(1)(a); Fla. Stat. Ann. § 672.313(1)(a); 810 Ill. Comp. Stat. Ann. 5/2-313(a); Md. Code Ann., Com. Law § 2-313(1)(a); RCW 62A.2-313(1)(a); D.C. Code §28:2-313(a)(a). "To state a claim for breach of express warranty," a plaintiff need only allege "(1) the existence of a material statement amounting to a warranty, (2) the buyer's reliance on this warranty as a basis for the contract with the immediate seller, (3) breach of the warranty, and (4) injury to the buyer caused by the breach." *Clemmons v. Upfield US Inc.*, 667 F. Supp. 3d 5, 19 (S.D.N.Y. 2023) (Castel, J.). "Whether a seller affirmed a fact" or "the representation is a promise or description of the goods" is "a question of fact, not law." *Hesse v. Godiva Chocolatier, Inc.*, 463 F. Supp. 3d 453, 469 (S.D.N.Y. 2020).

Additionally, the Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.* ("MMWA") provides for a private right of action if a consumer is damaged based on a supplier's failure to comply with its obligations under a written or implied warranty. U.S.C. § 2301(d)(1). Simply, claims under the MMWA "stand or fall" with "express and implied warranty claims under state law"). *Garcia v. Chrysler Grp. LLC*, 127 F. Supp. 3d 212, 232 (S.D.N.Y. 2015) (citing *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008)).

Accordingly, Defendants' misrepresentations, which appear on all "menus—including online, in apps, in-store, and in all advertisements and marketing materials," serve as both a breach of their express warranty of merchantability and the Magnuson Moss Warranty Act. Compl. at ¶¶ 37-40. And these misrepresentations mislead reasonable consumers to pay a premium price for an inferior "consumer product." Compl. at ¶¶ 37-40; *see Hesse*, 463 F. Supp. 3d at 470 (emphasizing that "[w]hat a reasonable consumer's interpretation of a seller's representation might be is generally an issue of fact that is not appropriate for decision on a motion to dismiss.") (citing *Silva v. Smucker Nat. Foods, Inc.*, No. 14-cv-6154, 2015 WL 5360022, at *10 (E.D.N.Y. Sept. 14, 2015)); *accord*

2

*Buonasera v. The Honest Co., Inc.*, 208 F. Supp. 3d 555, 567 (S.D.N.Y. 2016); *see also* 15 U.S.C.A. § 2301(1), (6). Therefore, Plaintiffs seek leave to add these claims to the Complaint.

## II.    Pleading Violations of Each State's Consumer Protection Statute in the Alternative to NY GBL Claims

Under GBL §§ 349 Plaintiffs must allege that Defendants "engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff[s] suffered injury as a result of the allegedly deceptive act or practice." *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015) (quoting *Koch v. Acker, Merrall & Condit Co.*, 976 N.E.2d 675, 675 (N.Y. 2012)). Defendants do not dispute that it engaged in consumer-oriented conduct, which emanated from New York, that the allegedly deceptive conduct was materially misleading, or that Plaintiffs were injured by this conduct. Instead, Defendants argue that Plaintiffs' GBL §§ 349 and 350 claims must be dismissed because the complaint's allegations do not meet the heightened pleading requirements of Rule 9(b), and that GBL cannot apply to transactions involving Plaintiffs or events in other states. As a preliminary matter, the Court may easily dispatch with Defendants' 9(b) argument: "an action under § 349 is not subject to the pleading-with-particularity requirements of Rule 9(b)." *Pelman ex rel. Pelman v. McDonald's Corp.*, 396 F.3d 508, 511 (2d Cir. 2005).

Same with Defendants' argument regarding *Goshen v. Mutual Life Insurance Co. of New York*, 98 N.Y.2d 314 (2002), by which they argue that Plaintiffs' claims must fail because the effects of their deceptive conduct was felt outside New York. Def. Ltr. at 4. Not so. *See, e.g.*, *Voronina v. Scores Holding Co., Inc.*, No. 16-cv-2477 (LAK), 2017 WL 74731, at *4 (S.D.N.Y. Jan. 5, 2017) (deceptive scheme conceived and implemented in New York but harmed out-of-state plaintiffs); *Gorbaty v. Wells Fargo Bank, N.A.*, No. 10-cv-3291 (NGG) (SMG), 2014 WL 4742509, at *15 (E.D.N.Y. Sept. 23, 2014) (denying motion to dismiss where deceptive paperwork for real estate transaction drawn up in New York and closing occurred in New Jersey).

Regardless, for the present purposes, Plaintiffs request leave to amend their Complaint and explicitly plead violations of California, Washinton D.C., Florida, Illinois, Maryland, Minnesota, Pennsylvania, and Washington consumer protection statutes in the alternative to their claims under GBL §§ 349 & 350.

## III.    Pleading Unjust Enrichment in the Alternative

"[A] claim for unjust enrichment may be pleaded in the alternative to other claims." *Barnet v. Drawbridge Special Opportunities Fund LP*, No. 14-CV-1376 PKC, 2014 WL 4393320, at *22 (S.D.N.Y. Sept. 5, 2014) (Castel, J.) (permitting unjust enrichment claim to proceed in the alternative) (citing Fed. R. Civ. P. 8(a) ("[A] demand for the relief sought ... may include relief in the alternative or different types of relief."); and *Newman & Schwartz v. Asplundh Tree Expert Co., Inc.*, 102 F.3d 660, 663 (2d Cir. 1996) (reversing the dismissal of an unjust enrichment claim and holding that the claim was properly pleaded in the alternative to a contractual claim)). With the Court's permission, Plaintiffs seek to revise their unjust enrichment cause of action to plead it in the alternative to their other tort claims.

Date: August 13, 2025                                     Respectfully submitted,

                                                          **WEITZ & LUXENBERG, PC**


                                                          /s/ Chantal Khalil Levy
                                                          Chantal Khalil Levy
                                                          Aaron Freedman
                                                          700 Broadway
                                                          New York, NY 10003
                                                          (212) 558-5500
                                                          ckhalil@weitzlux.com
                                                          afreedman@weitzlux.com

                                                          *Counsel for Plaintiffs and*
                                                          *the Putative Classes*


Plaintiffs may amend their complaint by September 5, 2025. Any pre-motion letter addressed to the new pleading is due by September 15. The September 2 conference is VACATED and discovery is STAYED pending further Order.

SO ORDERED.
Dated: 8/14/25

_____
P. Kevin Castel
United States District Judge

4